Patricia GILL, D/B/A Interstate Installation, Petitioner

v.

DEPARTMENT OF LABOR AND INDUSTRY, OFFICE OF UNEMPLOYMENT COMPENSATION TAX SERVICES, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 25, 2011.

Decided Aug. 4, 2011.

Joseph B. Policicchio, Somerset, for petitioner.

Arthur Selikoff, Assistant Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.[1]

Patricia Gill, D/B/A Interstate Installation (Gill), petitions for review of the July 12, 2010, order of the Department of Labor and Industry (Department), which denied Gill's petition for reassessment of its unemployment taxes, concluding that Gill failed to prove that flooring installation helpers who assisted Gill's flooring installers were independent contractors. We reverse.

Gill is the sole proprietor of Interstate Installation, which is in the business of flooring installation. Most of Gill's customers come by referral from Rusbosin Furniture store. Gill's husband, Tom, manages the business, prices jobs for customers and presents bids. When Gill receives approval from a customer to do a job, Gill contacts a flooring installer to perform the work. Gill and her husband

---

1. This case was reassigned to the authoring Judge on July 8, 2011.

are not present at the work site during a job. (Findings of Fact, Nos. 1–2, 4–7.)

With respect to the flooring installers, Gill has engaged persons that she has discovered by word of mouth or persons who have contacted Gill seeking work. Gill pays the flooring installers 25% to 50% of the total price for the job. Gill does not provide them any tools, does not train them and does not provide any insurance for them. The flooring installers are free to work for others. (Findings of Fact, Nos. 8–13.)

Bill Updyke, who has his own flooring installation business, has been engaged by Gill to install flooring. Updyke sometimes brings other individuals with him to do a flooring installation job. These installation helpers provide their own tools and, unless the weather is bad, provide their own transportation to the work site. Updyke directs their work, if necessary, and provides training. Installation helpers are usually paid by the hour based on their skill and knowledge. At the conclusion of a job, Updyke submits time records for the installation helpers to Gill, and Gill pays them. When the installation helpers assist Updyke on jobs that he does not perform for Gill, Updyke pays the installation helpers himself. (Findings of Fact, Nos. 14–26.)

■ The Office of Unemployment Compensation Tax Services (Tax Services Office) conducted an audit of Gill's records, including 1099 forms, Gill's check register and cancelled checks. As a result, the Tax Services Office issued a notice of assessment against Gill for wages paid to the installation helpers in 2004, 2005, 2006 and 2007. Gill filed a petition for reassessment with the Department, claiming that the installation helpers were independent contractors, not employees. After a hearing, the Department rejected Gill's claim and denied Gill's petition. The Department explained that, although Gill testified that the installation helpers had their own businesses, Gill did not specifically testify that their businesses offered installation helper services, as opposed to other types of services.[2] (Department's Final Decision at 11.) Gill now petitions this court for review.[3]

■ Gill argues that the Department erred in concluding that the installation helpers were not independent contractors. We agree.

Section 4(l)(2)(B) of the Unemployment Compensation Law (Law)[4] provides as follows:

Services performed by an individual for wages[5] shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the [D]epartment that—(a) such individual has been and will continue to be free from control or direction over the per-

2. The Department also stated that, because Gill paid the installation helpers, Gill had the right to control their work. However, in its brief to this court, the Department concedes that the installation helpers were free from Gill's direction and control. (Department's Brief at 8.)

3. A determination regarding the existence of an employer/employee relationship is a question of law based on the unique facts of each case. *Danielle Viktor, Ltd. v. Department of Labor and Industry, Bureau of Employer Tax Operations,* 586 Pa. 196, 212, 892 A.2d 781, 791 (2006). The issue is one of statutory construction; thus, it is a question of law subject to plenary review by this court. *Id.*

4. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 753(l)(2)(B).

5. Section 4(x) of the Law defines "wages" to generally mean all remuneration paid by an employer to an individual with respect to his employment. 43 P.S. § 753(x).

formance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an **independently** established trade, occupation, profession or business.

43 P.S. § 753(*l*)(2)(B) (emphasis added). The Department concedes that the installation helpers were free from Gill's control or direction. The question is whether, under (b), Gill proved that the installation helpers were customarily engaged in an independently established trade, occupation, profession or business involving installation helper services.

■ In *Danielle Viktor, Ltd. v. Department of Labor and Industry, Bureau of Employer Tax Operations,* 586 Pa. 196, 892 A.2d 781 (2006), our Supreme Court stated that, with respect to (b), the relevant statutory word is "independently," which means:

> not dependent: as ... not subject to control by others: not subordinate: self-governing, autonomous, free ... not affiliated with or integrated into a larger controlling unit (as a business unit) ... not requiring or relying on something else (as for existence, operation, efficiency).
>
> "Dependent" is defined as, *inter alia,* "unable to exist, sustain oneself, or act suitably or normally without the assistance or direction of another ...: connected in a subordinate relationship: subject to the jurisdiction of another"

*Id.* at 218, 892 A.2d at 794–95 (citing Webster's Third New International Dictionary 1148 (1986)) (citation omitted) (ellipses in original). Based on these definitions, the Supreme Court stated that persons are independent contractors if they are not subject to the control of the company; are not a unit or other component of the company; are not connected in a subordinate manner to the company; do not depend on the company for their existence, operation or efficiency; would not be out of employment if the company were to cease conducting business; are free to perform their services for any other company; and are not compelled to look to the company for the continuation of their ability to provide services. *Id.* at 218–19, 892 A.2d at 795.

Ultimately, our Supreme Court approved this court's consideration of three factors: (1) whether the individuals are able to work for more than one entity; (2) whether the individuals depended on the existence of the presumed employer for ongoing work; and (3) whether the individuals were hired on a job-to-job basis and could refuse any assignment. *Id.* at 222–23, 892 A.2d at 797–98; *see Osborne Associates, Inc. v. Unemployment Compensation Board of Review,* 3 A.3d 722, 728 (Pa.Cmwlth.2010).

As to the first factor, the Department found that the installation helpers worked on flooring installation jobs for Updyke when Updyke was not performing services for Gill. Thus, the installation helpers were able to assist other flooring installers who wished to avail themselves of the services. As to the second factor, the fact that they also worked for Updyke indicates that the installation helpers were not dependent on Gill for continued flooring installation work. As to the third factor, the Department found that Updyke contacted the installation helpers as needed. Thus, the installation helpers were hired on a job-to-job basis. Moreover, Tom Gill presented undisputed testimony that installation helpers "just did what they wanted to do when they had time" because they had other businesses. (N.T., 5/5/10, at 36.) Thus, the installation helpers could refuse any assignment. Based on the foregoing, we conclude that the record lacks substantial evidence to support the Department's

conclusion that the installation helpers were not independent contractors.[6]

Accordingly, we reverse.

### ORDER

AND NOW, this 4th day of August, 2011, the order of the Department of Labor and Industry, dated July 12, 2010, is hereby reversed.

---

6. The Department concluded otherwise because Gill did not specifically testify that the installation helpers had businesses that offered installation helper services, as opposed to other types of services. However, even if the installation helpers had businesses that offered other services, they operated as independent contractors with respect to the installation helper services they provided to Gill.